On Motion to Dismiss.
The opinion of the court was delivered by
Mare, J.
John Olark died on the thirteenth of February, 1877, intestate, leaving a considerable estate. Mary, wife of Reilly, and Alice, wife of Woelper, children of his first marriage: Pamelia, Elizabeth, and William Edwards, children of the second marriage; and Mrs. Catherine Routh, widow of the third marriage, survived him.
On the fifteenth February, Pamelia Olark, who attained her majority in June of the preceding year, Mrs. Widow Olark, and Robert Meadow-croft, maternal uncle of the children of the second marriage, two of whom were minors, applied for administration of the succession.
Mrs. Reilly and Mrs. Woelper opposed this, on the grounds that Widow Clark and Meadowcroft were not entitled in preference to them; that Pamelia was young, and without sufficient experience; and that Mrs. Reilly, having equality o£ right with her, should be .preferred on account of her age.
*802 The opposition was maintained, and judgment was rendered, on the twenty-eighth March, appointing Mrs. Reilly administratrix. A motion was made fora new trial, pending which, on the eleventh April, Meadoweroft qualified as tutor of his nephew and niece; and on the twelfth April Pamelia Clark filed a petition in which she alleged that the community which had .existed .between her father and mother had been dissolved by the death of the'latter: that'she, Elizabeth,'and William Edwards were the sole heirs of their mother: that the community had remained in indivisión under the management and control of her father, and that she desired to have a partition of their estates. She made Mary Reilly and her husband, Alice Woelper and her husband, Meadow-croft, in his capacity as tutor of the minors, and Mrs. Widow Clark, parties; and prayed for a partition of said successions.
The motion for a new trial was overruled, and the judgment appointing Mrs. Reilly administratrix was signed on the twenty-third April. She failed to-qualify; and, on the fourth May, Pamelia Clark, on motion, showing that Mrs. Reilly had neither qualified nor caused an inventory to be begun, obtained an order appointing her administratrix.
On the seventh May, Mrs. Reilly and Mrs. Woelper took a rule on Pamelia Clark to show cause why the order appointing her administratrix should not be revoked, on the grounds that it was ex parte, and not warranted by law; and that a demand for partition having been made by Pamelia Clark, which could not be denied, and there being few debts, no administration was necessary; and they moved that no letters of administration be granted her until the final determination of this rule; and on the same day Mrs. Reilly and Mrs. Woelper answered the petition for a partition, and prayed for a partition of the succession of their father among his heirs.
On the nineteenth May, Meadoweroft answered for his pupils that he could make no objection to a partition of the property held in indivisión, as set forth in the petition of Pamelia Clark.
On the twenty-fourth May the court rendered judgment rescinding the order appointing Pamelia Clark administratrix. The next day she applied to be appointed administratrix of the succession of her mother; and on the fifteenth June she prayed to be confirmed as administratrix of that succession, and provisional administratrix of the succession of her father. The court granted the order as prayed for, on her giving bond in the sum of twenty thousand dollars. She gave the bond; qualified in each of the capacities; and separate letters were issued to her as administratrix of the succession of her mother, and as provisional administratrix of the succession of her father.
Mrs. Widow Clark answered the petition for partition by plea of prematurity; and that partition can not be effected until all the debts *803 are paid; and she prayed for the appointment of an administrator to settle the succession of her deceased husband..
Mrs. Reilly and Mrs. Woelper opposed the application of Pamelia Clark to be appointed administratrix of the succession of their father on the grounds that administration was not necessary, because of the pending demand for partition. In the event that administration should be deemed necessary, they alleged and claimed that Mrs. Woelper, the eldest of the heirs, was entitled to be appointed by preference.
The litigation had thus been reduced to the issues presented as follows:
1: On the rule to vacate the appointment of Pamelia Clark provisional administratrix.
2: On the opposition of Mrs. Reilly and Mrs. Woelper to the application of Pamelia Clark to be appointed administratrix.
3: On the' petition for a partition of .the successions of Clark and his second wife, as to the right to proceed to a partition among the heirs before the debts of the succession are paid.
The minutes show that “ by consent of counsel the above issues were consolidated, and the case proceeded to trial.”
Three separate judgments were rendered on the same day, September 24, and signed on the same day, October 12: .
1: Vacating the order appointing Pamelia Clark provisional administratrix:
2: Maintaining the opposition to the application of Pamelia Clark to be appointed administratrix on the ground that administration was not necessary:
3: Ordering a partition by licitation, and referring the parties to a notary to regulate the details.
Pamelia Clark, Meadoweroft, in his capacity as tutor of the minor heirs, Widow Clark, Mrs. Grace Batson, and Meadoweroft individually, the three last mentioned claiming as creditors, united in a motion for a suspensive appeal from these three judgments, alleging that they were aggrieved; and the appeal was granted on their giving bond in the sum of $500.
The appellees move to dismiss on the grounds:
1: That as there were three separate judgments, upon and in three separate matters and -proceedings, each decree and judgment should have been appealed from separately.
2: That there should have been three separate bonds “ to secure the rights of appellants from three separate and distinct causes of action.”
3: That appellants have not made a proper and sufficient showing to authorize or justify an appeal.
*804 First. All the questions passed upon in these three judgments arose in one case, the succession of John Clark; and they all tend to one result, the settlement of the succession of John Clark, whether by an administration, or by partition among the heirs, which puts an end to the succession. Pending an application for administration there could be no partition among the heirs; and after a' decree ordering a partition there could be no- occasion for the appointment of an administrator, there would be nothing to administer.
There were not several cases which were consolidated; there were several questions which arose in one case, that is, in the succession of Clark; and these questions were all consolidated, by consent.
¥e can not conceive of any prejudice to the rights of the appellees by a single appeal in the succession of Clark, from these three judgments rendered simultaneously. The intimate connection of these questions would indicate the propriety of consolidating them, and of bringing them all before the court of original jurisdiction and before this court in one single proceeding. It seems to us the single trial of all these questions in the district court, and the single appeal including them all, consist perfectly with the interest and convenience of all the parties; and wo know of no authority, no law or principle which forbids this mode of proceeding.
Second. The appellants were not condemned to pay any sum of money, nor to deliver to the appellees any thing. No matter what might be the amount of the bond, or the number of bonds given by appellants, no decree could be rendered against them on the appeal, except for costs; and the costs are as fully secured by one bond with sufficient security for a sufficient amount as by any number of bonds.
Third. The appellants have brought themselves within the requirement of the Code of Practice. The parties to a suit have the right to appeal, of course; and third persons, not' parties, have this right, also, when they allege that they have been aggrieved. Article 571.
Mrs.-Clark, Meadowcroft, and Mrs. Batson all claimed to be creditors of the succession, and the record shows that they are creditors. There was a contest between the heirs on the application of one of them to be appointed administratrix; and that contest promised to be protracted’. The applicant was appointed provisional administratrix. The condition of' the succession was such as to require the exercise of conservatory powers, to prevent loss and injury. The creditors were 'directly and pecuniarily interested in the maintaining of the order appointing a provisional 'administrator to take care of the property pending the'contest for the appointment of an administrator; and in the .appointment of-sm administrator to whom they might look for payment. ■
*805 The creditors were equally interested in opposing a partition, before the debts were paid. While the succession is under administration the creditors look to the administrator alone; when the property has passed out of the hands of the administrator, and has been partitioned among' the heirs, it is by no means convenient to the creditors to pursue each one of them for his virile share, particularly where they may have their domiciles in different parishes, or, some of them, beyond the limits of the State.
Counsel for appellees suggest that there may be difficulty in adjusting the costs in the event that one or more of the judgments appealed from should be affirmed, and one or more of them reversed. It is not new, nor is it very difficult, for judicial tribunals to apportion costs on .equitable principles; but no argument based on inconvenience would justify the dismissal of an appeal.
Without intending to express any opinion as to the correctness of any one of the j udgments appealed from, we think all the appellants have shown such an interest in the questions passed upon as entitles them to appeal.
The motion to dismiss is overruled with'costs.